IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**WACO SCAFFOLDING-COLUMBUS,**

    **Plaintiff,**

                                                                                Civil Action 2:11-cv-116
    v.                                                       Magistrate Judge E.A. Preston Deavers

**KASTRA PAINTING, INC. et al.,**

    **Defendants.**

## ORDER

This matter is before the Court for consideration of Erie Insurance Company's ("Erie") Motion for Summary Judgment (ECF No. 24), its Motion for Default Judgment (ECF No. 30), and the Memorandum in Opposition of Kastra Painting, Inc. ("Kastra") and Costas Goutselas (collectively "Kastra Defendants") (ECF No. 33). For the reasons that follow, Erie's Motion for Summary Judgment is **GRANTED**, and its Motion for Default Judgment is **DENIED AS MOOT**.

### I.

The Kastra Defendants operate a painting company. In September 2009, the Kastra Defendants contracted with the United States Department of Transportation and Federal Aviation Administration ("FAA") to do work on a federal project known as the Port Columbus Control Tower Project ("Tower Project"). As required by the FAA, Kastra requested that Erie issue a payment bond in connection with its work on the Tower Project. The Kastra Defendants had previously executed an indemnity agreement ("Indemnity Agreement") in order to induce Erie to issue the payment bonds it requested. The Indemnity Agreement obligated the Kastra

Defendants to reimburse Erie for any payments Erie made in connection with the payment bonds it issued to the Kastra Defendants.  It also entitled Erie to reimbursement from the Kastra Defendants for any court costs and attorneys' fees.  Erie issued the payment bond for the Tower Project ("Bond") at a cost of $3715.  The Kastra Defendants, however, did not pay Erie for the Bond.

In connection with its work on the Tower Project, the Kastra Defendants contracted with Waco Scaffolding-Columbus ("Waco") to furnish certain equipment and/or materials.  Waco completed its work under the contract, but the Kastra Defendants failed to pay for it. Waco also submitted a claim for payment to Erie pursuant to the Bond.  Erie likewise failed to pay Waco.  Waco subsequently brought this action against the Kastra Defendants and Erie, asserting claims under the provisions of the Miller Act, 50 U.S.C. § 3133(b)(3)(B), as well as state-law claims for breach of contract and quantum meruit.  Erie filed cross-claims against the Kastra Defendants for breach of contract and indemnity/contribution.  (ECF No. 13.)  The Kastra Defendants did not file an answer to Erie's cross-claims.

In order to resolve Waco's claims, Erie paid Waco $44,446.89.  The Kastra Defendants were involved in the settlement negotiations and agreed to Erie's payment of Waco's claim.  In connection with this payment, Waco, Erie, and the Kastra Defendants executed a release.  Pursuant to Federal Rule of Civil Procedure 41, Waco stipulated to dismissal of its claims against Defendants, leaving only Erie's state-law cross-claims against the Kastra Defendants pending.  With the consent of Erie and the Kastra Defendants, the Court agreed to exercise its discretion to retain jurisdiction over the remaining state-law cross-claims.  (ECF No. 32.)

Erie moves this Court for default judgment or summary judgment awarding it the $3715

cost of the Bond, the $44,446.89 it paid to Waco, and $5,339.78 it has spent in attorneys' fees defending against Waco's claims and in pursuing it own judgment. The Kastra Defendants oppose Erie's Motions. They contend that default judgment is inappropriate because they have "engaged in extensive work throughout this action" and they "were also actively engaged in settlement negotiations to resolve the underlying claims . . . ." (Kastra Defs.' Mem. in Opp. 3, ECF No. 33.) The Kastra Defendants further submit that Erie is not entitled to summary judgment because significant issues of material fact remain. Specifically, the Kastra Defendants appear to assert that Erie's actions undermine its allegations regarding the status of its contractual relationship between the parties.

## II.

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The moving party has the initial burden of proving that no genuine issue of material fact exists, and the court must draw all reasonable inferences in the light most favorable to the nonmoving party." *Stansberry v. Air Wisconsin Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (internal quotations omitted); *cf.* Fed. R. Civ. P. 56(e)(2) (providing that if a party "fails to properly address another party's assertion of fact" then the Court may "consider the fact undisputed for purposes of the motion").

"Once the moving party meets its initial burden, the nonmovant must 'designate specific facts showing that there is a genuine issue for trial.'" *Kimble v. Wasylyshyn*, No. 10–3110, 2011 WL 4469612, at *3 (6th Cir. Sept. 28, 2011) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)); *see also* Fed. R. Civ. P. 56(c) (requiring a party maintaining that a fact is genuinely

disputed to "cit[e] to particular parts of materials in the record"). "The nonmovant must, however, do more than simply show that there is some metaphysical doubt as to the material facts, . . . there must be evidence upon which a reasonable jury could return a verdict in favor of the non-moving party to create a genuine dispute." *Lee v. Metro. Gov't of Nashville & Davidson Cnty.*, 432 F. App'x 435, 441 (6th Cir. 2011) (internal quotation marks and citations omitted). "When a motion for summary judgment is properly made and supported and the nonmoving party fails to respond with a showing sufficient to establish an essential element of its case, summary judgment is appropriate." *Stanberry*, 651 F.3d at 486 (citing *Celotex*, 477 U.S. at 322–23).

### III.

The Court concludes that Erie has produced undisputed evidence establishing the requisite elements of its breach of contract claim. "To prevail on a breach of contract claim under Ohio law, a plaintiff must establish the following four elements: (1) the existence of a contract; (2) performance by the plaintiff; (3) a breach by the defendant; and (4) damage or loss to the plaintiff." *Alpha Telecomms., Inc. v. Int'l. Bus. Mach. Corp.,* 194 F. App'x 385, 388–89 (6th Cir. 2006) (citing *Doner v. Snapp*, 98 Ohio App.3d 597, 600–01 (1994)). Here, Erie produced affidavit testimony demonstrating that (1) the Kastra Defendants contracted with Erie for the issuance of a payment bond in connection with the Tower Project; (2) Erie issued the requested payment bond; (3) the Kastra Defendants did not pay for the payment bond; (4) the cost of the payment bond was $3715. (*See* Painter Aff. ¶¶ 3–4, ECF No. 24-1.) Erie has, therefore, met its initial burden with regard to its breach of contract claim.

Erie has likewise met its initial burden with regard to its indemnity claim. Erie has

offered evidence demonstrating that the Kastra Defendants executed the Indemnity Agreement in order to induce Erie to issue the Bond. (*See id*. at ¶ 5.) The terms of the Indemnity Agreement are clear and unambiguous. In signing the agreement, the Kastra Defendants agreed to indemnify Erie as follows:

> [F]rom and against any and all liability for losses and/or expenses of whatsoever kind or nature (including, but not limited to, interest, court costs, and counsel fees) and from and against any and all such losses and/or expenses which [Erie] may sustain and incur: (1) By reason of having executed or procured the execution of the Bonds . . . .

(Indemnity Agreement 1, ECF No. 24-3.) Erie has further established that: (1) Waco asserted a claim against Erie pursuant to the Bond; (2) the Kastra Defendants were involved in settlement negotiations and agreed to Erie's payment of Waco's claim in the amount of $44,446.89; and (3) Erie incurred legal fees of $5,399.78 in defending against Waco's claim and in pursuing its claims against the Kastra Defendants. (McGarry Aff. ¶¶ 2–3, ECF No. 24-4.) Thus, Erie has established that the Kastra Defendants are liable to it under the Indemnity Agreement for the $44,446.89 and $5,399.78 it paid and sustained in losses in connection with the Bond.

The Kastra Defendants point to no evidence in the record that creates a genuine issue of material fact or that precludes the entry of summary judgment in Erie's favor. Rule 56(c) requires "[a] party asserting that a fact cannot be . . . genuinely disputed" to "support the assertion by: citing to particular parts of materials in the record . . . ." Fed. R. Civ. P. 56(c)(1)(A). In their opposition brief, the Kastra Defendants fall short in this regard. The Kastra Defendants assert generally that issues of fact remain, "including Kastra's liability to [Waco], the reach of the alleged indemnity agreement, and Erie's payments to [Waco] on behalf of Kastra." (Kastra Defs.' Mem. in Opp. 4, ECF No. 2.) They follow up this unsupported

5

statement with a number of other similarly unsubstantiated declarations in an attempt to cast doubt on whether Erie has established that they are entitled to judgment as a matter of law. For example, the Kastra Defendants appear to challenge the applicability of the Indemnity Agreement to the Bond, pointing out that the Indemnity Agreement was executed more than three years prior to the execution of the Bond. The Indemnity Agreement, however, explicitly provides that it remains in force until either Erie or the Kastra Defendants give "twenty days' written notice sent by registered mail." (Indemnity Agreement 3, ECF No. 24-3.) The Kastra Defendants do not allege or produce any evidence suggesting that the Indemnity Agreement had been terminated at the time Erie issued the Bond for the Tower Project. Similarly, the Kastra Defendants attempt to cast doubt on whether or not they had paid Erie for the Bond, stating that "[i]f Kastra Defendants had failed to pay Erie for payment bonds, or otherwise [failed to] comply with business agreements, then there should not have been a continuing relationship between the two." (Kastra Defs.' Mem. in Opp. 4, ECF No. 33.) Again, beyond this unsupported statement, the Kastra Defendants offer no evidence to contradict Erie's affidavit testimony establishing that the Kastra Defendants did not pay Erie the $3715 owed for the Bond. The Court, therefore, treats Erie's properly supported facts as undisputed. *See* Fed. R. Civ. P. 56(e) ("If a party fails to . . . properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion; or grant summary judgment if the motion and supporting materials—including the facts considered disputed—show that the movant is entitled to it . . . ."); *Lee*, 432 F. App'x at 441 ("The nonmovant must . . . do more than simply show that there is some metaphysical doubt as to the material facts . . . to create a 'genuine' dispute.").

In sum, Erie has demonstrated that no genuine disputes as to any material facts remain for adjudication in this case and that it is entitled to judgment as a matter of law.  Accordingly, Erie's Motion for Summary Judgment is **GRANTED**.  (ECF No. 24.)  Having granted Erie's Motion for Summary Judgment, the Court need not consider its alternative Motion for Default Judgment.  (ECF No. 30.)  That Motion is, therefore, **DENIED AS MOOT**.

### IV.

For the reasons set forth above, Erie's Motion for Summary Judgment (ECF No. 24) is **GRANTED**, and its Motion for Default Judgment (ECF No. 30) is **DENIED AS MOOT**.  The Clerk is **DIRECTED** to enter judgment in Erie's favor in the amount of $53,501.67, which consists of the $3715 the Kastra Defendants owed Erie for the Bond, the $44,446.89 Erie paid to Waco in connection with the Bond, and the $5,339.78 Erie spent in attorneys' fees defending against Waco's claims and in pursuing it own judgment.  The Clerk shall remove this case from the Court's pending cases list.

**IT IS SO ORDERED.**

Date:  April 10, 2012                                                  /s/ *Elizabeth A. Preston Deavers*
                                                                             Elizabeth A. Preston Deavers
                                                                             United States Magistrate Judge